IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FIDENCIO GONZALES,<br>#35175-510, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | No. 3:26-cv-00052-E (BT) |
| KRISTI CIOLLI, *et al.*, | §<br>§ | |
| Defendants. | §<br>§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Fidencio Gonzales filed this *pro se* civil action pursuant to 42 U.S.C. § 1983, along with a motion for leave to proceed *in forma pauperis* (IFP). Now, for the following reasons, the District Judge should DISMISS Plaintiff's complaint.

**Legal Standards**

A district court may summarily dismiss a complaint filed IFP if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly,* 550 U.S. at 555.

### Analysis

Plaintiff alleges that, on or about July 14, 2023, he "suffered a brutal assault at the hands of" other inmates. Compl. at 9 (ECF No. 3). He states that Defendants failed to "maintain[] a safe and secure environment," refused to provide medical treatment, then covered up the incident. *Id.* at 9–11. But these claims are barred by the statute of limitations. Thus, Plaintiff's complaint fails to state a claim on which relief may be granted. *See Jones v. Alcoa, Inc.,* 339 F.3d 359, 368 (5th Cir. 2003) (affirming the judgment of the district court dismissing the plaintiffs' action for failure to state a claim because plaintiffs' claim was barred by the applicable statute of limitations).

A civil rights action under 42 U.S.C. § 1983 is governed by a two-year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 250 (1989) (stating federal court should look to general personal injury limitations period of forum state); *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990) (finding limitations period in Texas is two years). Under federal law, a "cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gonzales v. Wyatt,* 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff alleges that he was attacked on or about July 14, 2023. Compl. at 9. Defendants' refusal to provide medical care and purported cover up occurred shortly thereafter. *See id.* at 9–11. But Plaintiff did not file his complaint until January 9, 2026—nearly two-and-a-half years after the alleged assault. *See id.* at 14. Accordingly, Plaintiff's claims are barred by the statute of limitations and his complaint fails to state a claim on which relief may be granted. *Jones,* 339 F.3d at 368.

## Recommendation

Accordingly, the District Judge should DISMISS Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

January 13, 2026.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.